CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| SYLVESTER RICHARDSON,<br>Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:10-cv-00078 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| WARDEN TRACY RAY, et al.,<br>Defendants. | ) <br> ) <br> ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Sylvester Richardson, a Virginia inmate proceeding pro se, filed a civil rights

complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff

alleges that the defendants wrongfully held him in segregated confinement since September 2007

at the Red Onion State Prison ("ROSP"), the defendants hurt him, and he is afraid of inmates and

staff. Plaintiff also applies to proceed without prepayment of the $350.00 filing fee. Upon

reviewing the record, the court concludes that this action must be dismissed without prejudice,

pursuant to 28 U.S.C. §1915(g), because plaintiff does not qualify to proceed without

prepayment of the filing fee.

Section 1915(b) requires the court to assess the $350.00 filing fee against an indigent

inmate. An inmate may pay this fee through installments withheld from his inmate account if he

qualifies to proceed without prepayment of the fee. However, § 1915(g) denies the installment

payment method to inmates who had three previous cases or appeals dismissed as frivolous,

malicious, or for failing to state a claim upon which relief may be granted. An inmate-litigant

with "three strikes" may nevertheless qualify to proceed under the installment payment plan if he

"is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff previously filed at least three civil actions or appeals that were then dismissed as

frivolous, malicious, or for failing to state a claim upon which relief may be granted. See, e.g.,

Richardson v. Dotson, No. 3:02-cv-00660 (E.D. Va. Apr. 4, 2003) (noting case dismissed as frivolous pursuant to Prisoner Litigation Reform Act); Richardson v. Cross, No. 3:99-cv-00692 (E.D. Va. Sept. 16, 2002) (noting case dismissed as frivolous pursuant to Prisoner Litigation Reform Act); Richardson v. Grizzard, et al., 1992 U.S. App. LEXIS 400, No. 91-7208 (4th Cir. Jan. 14, 1992) (noting appeal is without merit); Richardson v. Grizzard, et al., No. 7:91-cv-00001 (W.D. Va. Jul. 18, 1991) (holding defendants are entitled to summary judgment because plaintiff failed to state a constitutional claim upon which relief may be granted). See also Altizer v. Deeds, 191 F.3d 540, 545 (4th Cir. 1999) (collecting out-of-circuit cases that relied upon pre-PLRA dismissals in three-strikes analyses). Therefore, plaintiff may not file any civil action without prepaying $350 or alleging imminent physical injury, pursuant to § 1915(g).

Plaintiff's claims in the complaint do not excuse plaintiff from a three-strikes dismissal under § 1915(g). Plaintiff alleges the following facts relevant to § 1915(g). Officer Bellamy assaulted and tried to kill plaintiff on September 26, 2009, by banging his head on the floor and pushing his eyes into a puddle of mace. (Compl. 2.) Officer Ingle injured plaintiff on October 24, 2007, by chocking him and bending his finger backwards. (Id.) Plaintiff also alleges that non-defendants assaulted him by shocking his back in November 2006, Officer Ingle punched him and bent his fingers during a cell-extraction in June 2009, and non-defendants injured and maced plaintiff in April 2007 after plaintiff dropped a food tray. Plaintiff further alleges that various officers did not feed plaintiff several times during October 2007. Plaintiff also concludes that staff are putting "something" in his food, it "is food poisoning to put something in or on food," and such acts are "disrespectful, mistreating, provoking, and unprofessional." (Id. 6.) Petitioner refused strip searches and was subsequently denied outside recreation time and

2

showers.

Plaintiff fails to make any "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)). Plaintiff's vague or conclusory allegations that he faced imminent danger in the past are also insufficient to warrant the § 1915(g) exception. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001) (being sprayed once with pepper spray not imminent danger); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding inamte's experience of imminent danger in the past is insufficient to qualify for § 1915(g) exception); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger). Notably, plaintiff fails to establish any prospective serious physical injury from any of the alleged incidents.

Furthermore, plaintiff also does not qualify for § 1915(g)'s exception because he does not establish any imminent danger at the time of filing his complaint. Based on his signature and the envelope's date stamp, plaintiff signed the complaint on January 26, 2010, and handed the complaint to prison officials for mailing no earlier than February 24, 2010. Plaintiff's claims all allege activity that occurred long before plaintiff filed the instant complaint.

Plaintiff must pay the filing fee at the time he files the suit and may not simply pay the filing fee after being denied in forma pauperis status. Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002). Accordingly, the court dismisses the complaint because plaintiff fails to satisfy the exception to § 1915(g)'s three strikes provision and did not pay the filing fee.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _15th_ day of March, 2010.

Senior United States District Judge